UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

        Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF LAW;
OFFICER GERONIMO GERMAN, SHIELD
NO. 11218,

        Defendants.

19-CV-8835 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, filed this complaint on September 23, 2019, regarding a complaint that he filed with the Civilian Complaint Review Board in 2018. By order dated November 1, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this action alleging that the Civilian Complaint Review Board (CCRB) failed to act on his complaint. That complaint was about a police report that Plaintiff filed with the 28th Precinct in 2018 (report # 06614). Plaintiff also alleges that on an unspecified date, Police Officer Geronimo German used excessive force against him. Named as Defendants are the New York City Department of Law and Officer German.

This is not the first lawsuit that Plaintiff filed regarding these matters. In 2018, Plaintiff filed a complaint against the New York City Department of Law because the CCRB failed to act on report #06614. *See Caldwell v. City of New York* ("*Caldwell I*"), ECF 1:18-CV-6064, 5 (S.D.N.Y. Aug. 19, 2018) (dismissing complaint for failure to state a claim), *recons. denied*

2

(Sept. 3, 2019). In *Caldwell v. New York City Department of Law* ("*Caldwell II*"), ECF 1:19-CV-8253, 2 (S.D.N.Y. filed Sept. 4, 2019), Plaintiff's complaint may be construed as asserting an excessive force claim against Officer German. That matter is pending.

## DISCUSSION

In *Caldwell I,* the Court dismissed Plaintiff's complaint regarding the CCRB's handling of report #06614, holding that the government generally has no duty under the Fourteenth Amendment to investigate or protect an individual against harm from others.[1] *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 316-17 (W.D.N.Y. 2004) (holding that there is "no constitutional right to an investigation by government officials"). The Court further held that Plaintiff had failed to allege facts giving rise to a municipal liability claim. *See Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). Plaintiff's claims about the CCRB in this complaint are dismissed for the same reasons set forth in the August 19, 2018 order in *Caldwell I*.

With respect to Plaintiff's claims against Officer Geronimo, the allegations are virtually identical to *Caldwell II*, which is already pending in this Court under docket number 19-CV-8253 (KPF). As this complaint raises the same claims against Officer German, no useful purpose would be served by the filing and litigation of this duplicate lawsuit. Therefore, any claims against Officer German are dismissed without prejudice to Plaintiff's pending case under docket number 19-CV-8253.

---

[1] The Court noted that there are exceptions to this general rule, but that none of those exceptions applied to the facts alleged in the complaint. *See Dwares v. City of N.Y.*, 985 F.2d 94, 98-99 (2d Cir. 1993).

## LITIGATION HISTORY AND WARNING

Plaintiff is no stranger to the Court, having filed fourteen prior actions in district courts within this Circuit. *See Caldwell v. City of New York*, ECF 1:18-CV-6064, 5 (S.D.N.Y. Aug. 19, 2018) (listing cases). In that order, the Court warned Plaintiff that further frivolous or otherwise nonmeritorious litigation in this Court would result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651. That warning remains in effect.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's claims against the CCRB, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's claims against Officer German are dismissed without prejudice to his pending claims against Officer German in 19-CV-8253 (KPF).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 22, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge